**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil No. 3:08-CV-427-MR-DCK**

| | | |
|---|---|---|
| **KEVIN MICHAEL SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| **v.** | ) | |
| | ) | |
| **PATRIBA CHITTRA MEDDA, M.D.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     **THIS MATTER IS BEFORE THE COURT** on the Defendant's "Motion to Substitute the United States and to Dismiss Named Defendant" (Document No. 6). Having considered the record, including the motion and exhibits, the undersigned Magistrate Judge will **grant** the motion for the following reasons:

     On September 16, 2008, the Plaintiff filed a federal complaint complaining of his medical treatment by Dr. Medda, an employee of the federal Department of Veterans Affairs. Plaintiff indicates that he is bringing tort claims against this employee for medical malpractice. (Document Nos. 6-2, p.3 copy of "Complaint"; No. 8, p. 2; Doc. No. 11, p.2). Federal agencies and their employees may not be sued for tort claims, except as permitted by the Federal Tort Claims Act ("FTCA"). Title 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680. The FTCA was amended by the Federal Employees' Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"). *Id*. § 2679(d)(1).

     The Westfall Act provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the

incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." Title 28, U. S. C. § 2679(d)(1).

United States Attorney Gretchen C. F. Shappert has certified that, at all times relevant to the allegations of the complaint, Defendant Medda was acting within the course and scope of her employment. (Document No. 6-3, Certification).

If the Plaintiff opposes the certification, he has the burden of persuasion "to refute the certification of scope of employment issued by the Attorney General and to prove by a preponderance of the evidence that the defendants were not acting within the scope of their employment." *Borneman v. United States*, 213 F.3d 819, 827 (4th Cir.2000); *Maron v. United States*, 126 F.3d 317, 323 (4th Cir.1997).

"To carry its burden, the plaintiff must submit specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Gutierrez de Martinez v. Drug Enforcement Administration*, 111 F.3d 1148, 11555 (4th Cir.1997).

The record does not reflect any response by Plaintiff to the motion to substitute, and thus, the motion for substitution appears to be unchallenged. To the extent that Plaintiff fleetingly alleges (in a separate response to the motion to dismiss) that the Defendant's claim of sovereign immunity of the United States is "error," this allegation is conclusory and unsupported by any relevant authority. (Document No. 8, p. 2-3). Even if liberally construed as a challenge, Plaintiff's brief reference is insufficient. Plaintiff has not carried his burden of persuasion regarding substitution of the United States as the proper party. Substitution of the United States as the sole defendant is appropriate

under the Section 2679(d)(1).

**IT IS THEREFORE ORDERED** that:

1) the Defendant's "Motion to Substitute the United States and to Dismiss Named

Defendant" (Document No. 6) is **GRANTED;** and

2) the Clerk of Court is directed to amend the case caption to reflect that the United

States is the sole Defendant**.**

**IT IS SO ORDERED**.

Signed: January 13, 2009

David C. Keesler
United States Magistrate Judge