# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil No. 3:08-CV-427-MR-DCK

| | |
|---|---|
| KEVIN MICHAEL SMITH, | ) |
| Plaintiff, | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Defendant's "Motion to Dismiss, or in the Alternative for Summary Judgment and Memorandum in Support Thereof" (Document No. 7). The Plaintiff opposes the motion (Document No. 8, 10), and Plaintiff has replied (Document No. 9). This matter has been referred to the Magistrate Judge and is ripe for consideration. Having fully considered the record, including the briefs and applicable authority, the undersigned recommends that the motion to dismiss be **granted** and makes the following proposed findings of fact and conclusions of law:

## I. Issues Before the Court

The Defendant asserts numerous grounds upon which to dismiss this case. The Defendant moves this Court, pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for lack of subject matter jurisdiction, for insufficient service of process resulting in lack of personal jurisdiction, for failure to obtain proper service on the United States, and for failure to state a claim upon which relief can be granted.

The *pro se* Plaintiff asks the Court to deny the motion to dismiss. (Document No. 8, 10). Although his filings, including his complaint, are largely incomprehensible, he refers to the nature of his case as "Medical Negligence, Medical Malpractice," (Document No. 1, ¶ C). He also refers in his briefs to "his medical needs" (Document No. 8, ¶ 5) and the alleged "continual Medical Malpractice Torts of Neglect, Abuse of Patient...." (Document No. 10, p. 2). Plaintiff asks for "Medical Outsource Orders by Injunctatory (sic) Relief so as to eliminate pain, correct Malpractice Injury...," which appears to be a request for treatment by a different doctor. *Id.* Plaintiff attaches some medical bills and collection agency correspondence to his response. (Document No. 8-2, 8-3).

## II. Analysis

### A. Jurisdiction

On September 16, 2008, the Plaintiff filed a federal complaint vaguely complaining of his medical treatment by Dr. Medda, an employee of the federal Department of Veterans Affairs. In his complaint, the *pro se* plaintiff alleges:

> "Plaintiff affays (sic) and avers medical negligence, medical malpractice, Case and Estate Management and Malfeasance and questions the competency and integrity of the Defendant's and Colleagues and facility as to credentials and case management, along with continuity of D.E.A. violation, physician effectiveness, character and morals, and off duty acquaintances as affayed (sic) and avered (sic) in the amended complaint and motion attachment." (Document No. 1).

The Plaintiff's handwritten documents are very difficult to follow and often ramble in disconnected nonsensical fashion. Giving him the very liberal and generous interpretation afforded to *pro se* pleadings, Plaintiff's allegations appear to complain of his medical treatment by Dr. Medda at the VA Hospital.

The Plaintiff initially alleged that this Court has jurisdiction under a hodge podge of statutes, most of which are inapplicable here, including "42 U.S.C. § 1983; 42 U.S.C. § 1985; Title 28 U.S.C. §§ 1346, 2671; Title 38 U.S.C. ---; Title 5 U.S.C. ---; Title 10 U.S.C. ---; and Title 50 U.S.C. - Patriot Act of the United States of 2001." (Document No. 1, p. 1). The Plaintiff filed an amended complaint on September 23, 2008, which did not indicate any jurisdictional basis for this action. (Document No. 5). For the most part, the statutes cited by the *pro se* Plaintiff do not provide any basis for jurisdiction over the Plaintiff's claims of medical malpractice. Only the Plaintiff's reference to Title 28 U.S.C. §§ 1346, 2671 is proper. That statute, also known as the Federal Tort Claims Act ("FTCA"), provides in relevant part:

> "Subject to the provisions of chapter 171 of this title, the district courts .... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Title 28 U.S.C. §§ 1346(b).

Plaintiff identifies the Defendant, Dr. Medda, as being a medical doctor at the Veteran's Affairs Medical Center in Salisbury and Charlotte, North Carolina. The United States has certified that Dr. Medda is a physician employed by the Veteran's Hospital and that such physician was acting within the course and scope of federal employment at all times alleged in the complaint. (Document No. 6-2). Upon motion, the United States was substituted as Defendant. (Document No. 13).

The Defendant correctly asserts that the United States and its agencies, under principles of sovereign immunity, may not be sued in tort except as permitted by FTCA. Under the FTCA, the

federal government has waived its sovereign immunity to tort liability for the negligent or wrongful acts or omissions of its employees acting in the scope of their federal employment. 28 U.S.C.A. §§ 2671-2680. A suit against the United States for tort claims may only proceed under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1); see, e.g., *Salazar v. Ballesteros*, 17 Fed.Appx. 129, 130 (4th Cir. 2001) (explaining that the FTCA "immunizes federal employees who are sued for actions within the scope of [their] office or employment" and upon substitution of the United States as defendant, "allows the United States to be sued for certain torts committed by its employees").

### B. Failure to Exhaust Administrative Remedies

However, in order to proceed with any tort claims under the FTCA, the Plaintiff must first exhaust his administrative remedies. The FTCA specifically provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency...." Title 28 U.S.C. §2675(a). A plaintiff must meet the statutory prerequisites before filing an action under the FTCA in federal court. *Henderson v. United States,* 123 (4th Cir. 1986) (requiring that the plaintiff "shall have first presented the claim to the appropriate Federal agency").

The Plaintiff has failed to do so, and the United States has properly moved to dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The United States points out that the Plaintiff has failed to show that he has exhausted the required administrative remedies prior to filing suit. The United States Supreme Court has firmly held that the presentation of an administrative claim before proceeding under the FTCA is a non-waivable jurisdictional requirement. *McNeil v. United States*, 113 S. Ct. 1980, 1983 (1993) (holding

that "the command that an 'action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous").

Plaintiff does not indicate in any of his pleadings that his claims have ever been submitted to the appropriate federal agency prior to the filing of this lawsuit. See *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (holding that "under Rule 12(b)(1) . . .the party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity"). Absent exhaustion of administrative remedies, this Court lacks jurisdiction over the Plaintiff's claims.

The United States has submitted the Declaration of Daniel C. Rattray, who certifies that no administrative tort claim has been filed by or on behalf of Kevin Michael Smith. (Document No. 7, Exhibit 2). Having failed to present any claim to the appropriate federal agency prior to the filing of this lawsuit, the Plaintiff is barred from proceeding on his claims in this case. 28 U.S.C. §2675(a). "[D]ismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency." *Henderson*, 785 F.2d at 123. The amended complaint should therefore be dismissed for lack of subject matter jurisdiction.

### C. Additional Grounds for Dismissal

To the extent the *pro se* Plaintiff may be attempting to raise any "constitutional torts" related to his medical treatment, the United States further points out that the United States has not waived sovereign immunity for any constitutional torts seeking money damages against the United States. See, e.g, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Reinbold v. Evers*, 187 F.3d 348, 355 (4th Cir. 1999). The United States and its agencies have sovereign immunity from suit unless the United States consents to be sued. *Meyer*, 510 U.S. at 475; *United States v. Mitchell*, 463 U.S. 206, 212

(1983); *Welch v. United States*, 409 F.3d 646, 650-651 (4th Cir. 2005). "Sovereign immunity deprives a court of jurisdiction to hear a case." *Global Mail Long Term Disability. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998), citing *Meyer*, 510 U.S. at 475; *Mitchell*, 463 U.S. at 212. Hence, to the extent the garbled allegations in the *pro se* complaint could be liberally construed as attempting to assert some kind of constitutional tort, these claims must also be dismissed for lack of subject matter jurisdiction.

The United States asserts additional alternative grounds for dismissal, including insufficiency of service of process resulting in lack of personal jurisdiction, failure to obtain proper service on the United States, and failure to state a claim upon which relief can be granted. Given the recommendation that this Court lacks subject matter jurisdiction to proceed further, these additional arguments need not be addressed at this time.

**IT IS, THEREFORE, RECOMMENDED** that the Defendant's "Motion to Dismiss" (Document No. 7) should be **GRANTED;** this civil action should be dismissed for lack of subject-matter jurisdiction.

### Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d

841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

David C. Keesler
United States Magistrate Judge

Signed: April 13, 2009